**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| SHANNON CLARK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 13-cv-2646 |

## DEFENDANT GREEN TREE'S MOTION TO STAY DISCOVERY

Defendant Green Tree Servicing LLC ("Green Tree"), by its undersigned counsel, respectfully moves this Court for a stay of discovery, pending a ruling on its motion to dismiss pursuant to Fed. R. Civ. P. 26(c).

### PRACTICE STANDARD III.F.2 COMPLIANCE

Pursuant to this Court's Practice Standard III.F.2, Green Tree states that it conferred with Plaintiff on December 17, 2013 regarding a stay pending a ruling on its motion to dismiss. Plaintiff stated she opposes a stay of discovery.

### BACKGROUND

In the Class Action Complaint (the "Complaint"), Plaintiff claims that Green Tree violated its obligations under the Home Affordable Modification Program ("HAMP") by failing

to honor Trial Period Plans ("TPP") and offer permanent modification agreements ("PMA") to delinquent homeowners whom allegedly met HAMP requirements. [ECF No. 1].

On November 13, 2013, Green Tree moved to dismiss Plaintiff's Complaint in full pursuant to FED. R. CIV. P. 12(b)(6) (the "Motion"). [ECF No. 9]. In the Motion, Green Tree established, among other things, that Plaintiff's claims constitute an impermissible end run around HAMP, relate to promises allegedly made in an unsigned TPP which is unenforceable under C.R.S. § 38-10-124(2) (the Colorado Credit Agreement Statute of Frauds) or are barred by the economic loss rule. In short, if granted, the pending Motion would dispose of the entire case. As the Motion is fully briefed, this Court should not force Green Tree to engage in costly class action discovery pending resolution of the Motion.

## ARGUMENT

This Court has the power to stay discovery pursuant to FED. R. CIV. P. 26(c), which authorizes the Court to "forbid[]" discovery or "limit[] the scope of . . . discovery to certain matters," as part of its broad discretion to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990). In particular, this district has repeatedly recognized "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Bomprezzi v. Kaprivnikar*, 2012 WL 1820909 (D. Colo. May 18, 2012) (quoting *Namoko v. Milgard Mfg. Inc*., 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. April 6, 2007); *see also Karsten v. Camacho, P.A.*, 1:13-cv-01651-WJM-MJW, 2013 WL 5548327, *2 (D. Colo. Oct. 8, 2013) ("Neither [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.")); *Aurora Bank FSB v. Network Mortg. Servs.*, 13-cv-00047-PAB-KLM,

2

2013 WL 3146792, at *1 (D. Colo. June 19, 2013) (citing 8 CHARLES ALAN WRIGHT *et al.*, FEDERAL PRACTICE & PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided")).

In evaluating a motion for a stay of discovery, this Court considers the factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006):

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id*. at *4-5. The balance of those factors clearly favors a stay in this case.

Factor 1: "[S]taying discovery would not prejudice Plaintiff other than delaying adjudication of its claims"— and it may not even impose a delay at all, if those claims do not survive the Rule 12(b)(6) motion. *Aurora,* 2013 WL 3146792, at *2.

Factor 2: The second factor weighs heavily in favor of a stay because "proceeding [with discovery] will be wasteful if the Court grants [Defendants'] Motion to Dismiss." *Aurora*, 2013 WL 3146792, at *2; *see also Bomprezzi*, 2012 WL 1820909, at *2 ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (quoted authority omitted); *Kramer v. Vigil*, 13-cv-00142-PAB-KLM, 2013 WL 1828523, *2 (D. Colo. Apr. 30, 2013) ("[I]f the pending Motions to Dismiss are resolved in favor of Defendants, any further expenditure on their part would be for naught. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery."); *Carriker v. City & Cty. of Denver*, 12-CV-02365, at * 2, 2012 WL 5388134, *2 (D. Colo. Nov. 2, 2012) (where "a

3

favorable ruling on the Motion to Dismiss would dispose of all claims in this litigation" and "any discovery by the parties may be wasted effort if the case is dismissed," "[t]he Court agrees that proceeding with the discovery process under these circumstances presents a significant burden and finds that the second factor weighs in favor of granting a stay"); *Blixseth v. Cushman & Wakefield of Colo., Inc.*, 12-cv-00393-PAB-KLM, 2012 WL 3962800, *2 (D. Colo. Sept. 11, 2012) ("moving forward with discovery at this stage would impose an unwarranted burden" because "given the expected scope and expense of discovery in this case, proceeding with discovery will be wasteful if District Judge Brimmer grants the Motions to Dismiss in their entirety or grants them in part and substantially limits the issues"). The fact that "the Court will have to expend its time and limited resources" addressing "any discovery disputes" that may arise (perhaps for naught) also "weighs in favor of staying discovery." *Callies v. Lane*, 13-cv-00484-CMA-KLM, 2013 WL 5781147, *2 (D. Colo. Oct. 25, 2013).

Moreover, "the burden on the defendants" is even more substantial here than is typically the case because class actions are inherently expensive. *Ogden v. Bumble Bee Foods,* LLC, C-12-1828 LHK, 292 F.R.D. 620, 624 (N.D. Cal. 2013) (requiring prima facie showing for certification before allowing discovery because "class action discovery can be an expensive and burdensome process"); Grigsby *v. Valve Corp.*, C12-0553 JLR, 2012 WL 5993755, at *4 (W.D. Wash. Nov. 14, 2012) (denying a 12(b)(6) motion opens the door to discovery which in class actions can be very costly to the defendant).

Third Factor: "With regard to the third factor, it is certainly more convenient for the Court to enter a stay until it is clear that the case will move forward." *Romens v. City of Colo. Springs*, 13-cv-01441-RM-KLM, 2013 WL 6252842, at *1 (D. Colo. Dec. 3, 2013); *Bomprezzi*, 2012 WL 1820909, at *2 ("A stay of discovery pending the determination of a dispositive

motion is an eminently logical means to . . . make the most efficient use of judicial resources"). "It is clear that should the pending motions be granted this Court will have expended resources managing a complex class action suit unnecessarily in the absence of a stay. *Edwards v. Zenimax Media, Inc.*, 12-cv-00411-WYD-KLM, 2012 WL 1801981, at *4 (D. Colo. May 17, 2012).

Fourth Factor: In this case, non-parties have an interest in staying discovery because Plaintiff will undoubtedly want to take discovery at the very least on Bank of America employees who will undoubtedly be inconvenienced if the case is ultimately dismissed.

Fifth Factor: Insofar as the public interest is implicated here at all, "the public interest . . . favors conservation of resources by the Court and the parties." *BPS v. Bd. of Trs. for Colo. Sch. for the Deaf & Blind*, 12-cv-02664-RM-KLM, 2013 WL 5381819, at *3 (D. Colo. Sept. 26, 2013). The public's interest in the "efficient and just resolution" of this case is served by a stay of discovery that "[a]void[s] wasteful efforts by the Court." *Aurora*, 2013 WL 3146792, at *3.

## CONCLUSION

For the above stated reasons, Green Tree respectfully requests this Court enter an order staying discovery in this case.

Respectfully submitted,

|  |  |
|---|---|
|  | /s/ *Sarah B. Wallace* |
| Of Counsel: | Sarah B. Wallace |
| Martin C. Bryce, Jr. | wallaces@ballardspahr.com |
| Ballard Spahr LLP | Ballard Spahr LLP |
| 1735 Market Street, 51st Floor | 1225 17th Street |
| Philadelphia, PA 19103 | Suite 2300 |
| Telephone: 215.864.8238 | Denver, CO 80202-5597 |
| Facsimile: 215.864.8999 | Telephone: 303.292.3400 |
|  | Facsimile: 303.296.3956 |
|  |  |
| Dated: December 23, 2013 | *Attorneys for Defendant Green Tree* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of December, 2013 a true and correct copy of the foregoing **DEFENDANT GREEN TREE'S MOTION TO STAY DISCOVERY** was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

Steven Woodrow, Esq.
Megan Lindsey, Esq.
Edelson LLC
999 West 18th Street, Suite 3000
Denver, CO 80202
swoodrow@edelson.com
mlindsey@edelson.com

*s/ Katya H. Moses*
Katya H. Moses
