**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:      13-cv-02646-PAB-MEH

**SHANNON CLARK**, individually and on behalf of all others similarly situated,

   Plaintiff,

v.

**GREEN TREE SERVICING LLC**, a Delaware limited liability company,

   Defendant.

_____

**CIVIL SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The scheduling conference took place on January 13, 2014. The following

counsel appeared on behalf of Plaintiff Shannon Clark ("Plaintiff") and Defendant Green

Tree Servicing LLC ("Defendant"), respectively:

On behalf of Plaintiff:

Megan Lindsey
Edelson PC
999 W. 18th Street, Suite 3000
Denver, Colorado 80202

On behalf of Defendant:

Sarah Block Wallace
Ballard Spahr LLP
1225 Seventeenth Street, Suite 2300
Denver, CO 80202-5596

Martin C. Bryce, Jr.
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

**2. STATEMENT OF JURISDICTION**

The Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

1332(d)(2). This claim is brought as a putative class action consisting of over 100 class

members in which the amount in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen

of a State different from the Defendant. The Parties do not dispute the Court's jurisdiction.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**A.     Plaintiff's Statement:** This case challenges Green Tree's unlawful loan

servicing practices and its refusal to honor trial and permanent modification agreements in

connection with the federal Home Affordable Modification Program ("HAMP"). Plaintiff

Clark applied for a loan modification through the HAMP on or about July 31, 2012. Bank

of America serviced her loan at that time. Bank of America provided Clark with a HAMP

trial plan, after which it transferred the servicing rights for her loan to Green Tree. Plaintiff

alleges twelve counts in her Complaint stemming from both the transfer of her loan to

Green Tree and Green Tree's systematic refusal to honor its contractual obligations

associated with the HAMP.

For Count I, Plaintiff alleges that Green Tree failed to provide a proper validation

notice under the Fair Debt Collection Practices Act when the servicing rights were

transferred from Bank of America to Green Tree.

Count II (Fraudulent Misrepresentation), Count III (Breach of Contract), and Count

IV (Unjust Enrichment) center on Green Tree's failure to honor the trial period plan

("TPP") that Bank of America provided to Clark prior to the transfer of her loan. Clark

alleges that Green Tree falsely informed her that it did not have any of the HAMP

application documents that she had sent to Bank of America and that the only way for her

to potentially obtain a HAMP modification was to start the whole process over by

2

re-applying with Green Tree. After re-applying, Green Tree provided Clark with a materially worse TPP than she had received from Bank of America and likewise refused to permanently modify her loan consistent with the terms of the first TPP. Further, because the second TPP had materially worse terms than the first TPP, Clark was required to make higher trial payments in order to qualify for a permanent modification than she would have been required to pay had Green Tree honored her first TPP.

Count V (Breach of Contract), Count VI (Breach of the Implied Covenant of Good Faith), Count VII (Promissory Estoppel), Count VIII (Fraudulent Misrepresentation), Count IX (Violation of the Equal Credit Opportunity Act), and Count X (Violation of the Fair Credit Reporting Act) center on Green Tree's refusal to honor the signed and recorded Permanent Modification Agreement ("PMA") that it entered into with Clark. After Clark completed the trial plan, Green Tree provided her with a PMA for her signature, which would serve to bring her loan current by capitalizing past due amounts and permanently implement a reduced monthly principal and interest payment. Clark and Green Tree both signed the agreement, the PMA was recorded, and Green Tree reported Clark as "current" to the credit bureaus. However, after having taken these steps to effectuate the PMA and permanently modify Clark's loan, Green Tree sent her another (materially worse) PMA for her signature and threatened for foreclose on Clark's loan if she refused to sign the new PMA. In doing so, Green Tree took adverse action against Clark by refusing to honor the PMA that had been entered into by the Parties. Green Tree also began reporting Clark as delinquent to the credit bureaus, even though she was current under the terms of the signed and recorded PMA.

Finally, Count XI (Violation of the Colorado Consumer Protection Act) and Count XII (Violation of the Colorado Consumer Protection Act) are alleged on behalf of Subclasses of Colorado borrowers who were subject to Green Tree's unfair and deceptive practices associated with Green Tree's refusal to honor the borrowers' first TPP (entered into with a different loan servicer) and its refusal to honor the borrowers' signed PMA.

**B.    Defendant's Statement:**

Plaintiff's Class Action Complaint asserts twelve causes of action all of which Green Tree has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff's claims constitute an impermissible end run around HAMP, relate to promises allegedly made in an unsigned TPP which is unenforceable under C.R.S. § 38-10-124(2) (the Colorado Credit Agreement Statute of Frauds) or are barred by the economic loss rule.  The remainder of the claims also fail for the failure to plead allegations sufficient to state a cause of action. Based on the pendency of Green Tree's motion to dismiss, Green Tree has not yet answered the Complaint nor has it asserted any affirmative defenses or completed its investigation into the affirmative defenses available to it.

### 4. UNDISPUTED FACTS

Green Tree operates primarily as a servicer of residential mortgage loans.

Green Tree agreed to participate in the federal government's Home Affordable Modification Program ("HAMP").  The Parties agree that the purpose of the HAMP was to help qualified homeowners who were in default or in imminent threat of default on their loans to avoid foreclosure and stay in their homes.

## 5. COMPUTATION OF DAMAGES

**A.     Plaintiff's Statement:**

i.      Count I (Violation of the FDCPA) – Plaintiff seeks declaratory judgment that Green Tree violated the FDCPA, the maximum statutory damages allowable under FDCPA § 813(a), and actual damages in an amount to be determined at trial.

ii.      Count II (Fraudulent Misrepresentation) – Plaintiff seeks actual damages including damages on behalf of herself and the class resulting from being:

a.      Denied the value of the TPP Agreement they should've received in the form of lower monthly trial payments (in Clark's case, an approximate $208.71 monthly savings for the three required monthly trial payments),

b.      Forced to re-send the bank HAMP applications and documents including large packets of information, either via fax or mail, at the borrowers' expense, in response to Green Tree's claim that it never received the documents from BAC,

c.      Charged late fees before and during the trial period and having their monthly payments improperly used to service those fees,

d.      Subject to or threatened with foreclosure, and

e.      Subject to emotional distress caused by Green Tree dragging out the HAMP process, sending default letters, claiming to have never received documents, and instituting foreclosure proceedings even though the borrowers received HAMP TPP Agreements from BAC and re-applied for a Green Tree TPP Agreement.

The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks actual, compensatory, and punitive damages.

iii.      Count III (Breach of Contract) - Plaintiff seeks actual damages on

behalf of herself and the class including damages described in Section 5(A)(ii) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks compensatory damages and specific performance of Green Tree's contractual obligations.

       iv.    Count IV (Unjust Enrichment) – Plaintiff seeks restitution of the higher trial payments that borrowers were required to pay pursuant to the second TPPs entered into with Green Tree compared with the lower payments under their first TPPs.

       v.    Count V (Breach of Contract) – Plaintiff seeks actual damages on behalf of herself and the class including damages resulting from being:

    a.    Denied the value of the offer for permanent modification they should've received in the form of lower interest rates, shorter loan terms, and greater principal forgiveness (in Clark's case, $1,123.05 in principal forgiveness plus $185,242.76 in excess finance charges over the life of the loan if she agrees to sign the new, less favorable PMA, or in the alternative, the value of lesser payments compared with the payments under her loan agreement plus principal forgiveness),

    b.    Denied the opportunity to collect Pay-for-Performance Success payments from the government,

    c.    Denied the opportunity to obtain a modification of their second lien mortgage through the 2MP (the HAMP program that allows for modification of second liens),

    d.    Denied the opportunity to collect Pay-for-Performance Success payments from the government under the 2MP,

    e.    Denied the opportunity to have their unpaid late fees waived (*see* PMA, Section 3),

    f.    Charged late fees before and during the trial period, and after the Modification Effective Date, and having their monthly payments improperly used to service those fees,

g.      Charged appraisal fees, fees for "broker price opinions", and other valuation and administrative fees during the modification process, and having their monthly trial payments improperly used to service those fees,

h.      Reported improperly as having a series of delinquent payments to the credit bureaus once their modifications were improperly denied or revoked and other damage to credit scores and ratings, including increasing the total cost of credit,

i.       Deprived of the opportunity to refinance their homes, or seek other means to mitigate losses, and

j.       Subject to emotional distress caused by Green Tree dragging out the HAMP process, sending default letters, claiming to have never received documents, providing false justifications for denying permanent modifications, and threatening or instituting foreclosure proceedings even though the borrowers had satisfied their PMAs and were owed permanent modifications.

The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks compensatory damages and specific performance requiring Green Tree to unwind foreclosures and restore borrowers to possession of their homes, where possible, and requiring Green Tree to honor its contractual obligations.

vi.      Count VI (Implied Covenant of Good Faith) – Plaintiff seeks actual damages on behalf of herself and the class including damages described in Section 5(A)(v) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks compensatory damages and specific performance of Green Tree's implied contractual obligations.

vii.     Count VIII (Fraudulent Misrepresentation) – Plaintiff seeks actual damages on behalf of herself and the class including damages described in Section 5(A)(v)

above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks compensatory and punitive damages in an amount to be determined at trial.

       viii.    Count IX (Violation of the ECOA) – Plaintiff seeks declaratory judgment that Green Tree's actions violated the ECOA, injunctive relief, actual damages in an amount to proven at trial, and the maximum punitive damages provided under ECOA § 1691e.

       ix.    Count X (Violation of the FCRA) – Plaintiff seeks actual damages in the form of harm to credit in an amount to be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks statutory and punitive damages.

       x.    Count XI (Violation of the CCPA) - Plaintiff seeks actual damages on behalf of herself and the class including damages described in Section 5(A)(ii) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks injunctive and declaratory relief.

       xi.    Count XII (Violation of the CCPA) – Plaintiff seeks actual damages on behalf of herself and the class including described in Section 5(A)(v) above. The amount of such damages may be determined at trial, supported by discovery and expert testimony. In addition to actual damages, Plaintiff seeks injunctive and declaratory relief.

**B.     Defendant's Statement:**

Green Tree denies that Plaintiff has been damaged, either as a matter of law or in economic terms.  Among other things, Plaintiff was  deficient on her loans during the pendency of her HAMP applications, does not contest the validity of her underlying notes and mortgage, and has not shown any economic detriment from being given the opportunity to qualify for a modification or from the credit reporting alleged to have been made.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

**A.**     The Parties Rule 26(f) meeting was held on December 23, 2013.

**B.**     The meeting was held between Plaintiff's attorney, Megan Lindsey of Edelson PC, and Defendant's attorneys, Sarah Block Wallace and Martin Bryce of Ballard Spahr LLP.

**C.     Plaintiff's Statement Regarding Discovery:** Defendant has previously indicated that it believes all discovery should be stayed pending resolution of its Motion to Dismiss and filed a motion to stay. Rule 1 of the Federal Rules of Civil Procedure provides that the Rules should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Likewise, the Federal Rules state that discovery is to proceed following the conference and make no provision for a stay while motions to dismiss are pending. Plaintiff believes, and has demonstrated through her opposition, that Defendants' Motion to Dismiss lacks merit by misstating the law and ignoring Defendant's statutory and contractual obligations related to the HAMP. A stay of

all discovery is thus not justified and would improperly delay the litigation.  Accordingly, the Court should deny the requested stay and order the Defendant to proceed with discovery as to both class and merits issues.

**Defendant's Statement Regarding Discovery:**

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules should be construed "to secure the just, speedy, and **inexpensive** determination of every action. (emphasis added).  FED. R. CIV. P. 26(c), authorizes the Court to "forbid[]" discovery or "limit[] the scope of . . . discovery to certain matters," as part of its broad discretion to control its own docket.  Here, this Court should exercise that discretion for the short time between the Rule 26(f) conference and a ruling on a motion to dismiss.  Class Action discovery is infamously and inherently expensive.  Where as here, the Court may dismiss the entire action, the gain from a proceeding with discovery during the pendency of a fully-briefed motion to dismiss when compared with the burden on Green Tree and the Court is minimal.

Throughout the remainder of this Scheduling Order Green Tree proposes dates that are triggered by a ruling on Green Tree's motion to dismiss.  In the event that this Court denies Green Tree's motion to stay and orders immediate discovery, Green Tree believes it can comply with Plaintiff's proposed dates.

**D.**    The Parties propose no changes to the timing or requirement of disclosures under Federal Rule of Civil Procedure 26(a)(1) and agree to exchange initial disclosures by January 6, 2014.

**E.**      The Parties have not agreed to engage in informal discovery.

**F.**      The Parties will attempt to reduce discovery and litigation costs and have agreed to use a unified exhibit numbering system.

**G.      Discovery of Electronically Stored Information ("ESI").** The Parties anticipate that class certification and the merits of Plaintiff's claims, as well as certain of Green Tree's anticipated defenses, will involve significant discovery of electronic information, including the identification of repositories of relevant information containing data that may be used to ascertain class membership, calculate aggregate class damages, and address other class and merits issues, as well as the production of documents and files maintained in electronic form. The Parties propose that:

i.      Defendant confirm that it has taken steps to preserve relevant electronically stored information,

ii.      The Parties exchange a draft e-discovery protocol designed to facilitate the identification of relevant repositories containing ESI and the disclosure of electronically stored information, and have agreed to work to finalize an appropriate protocol prior to the production of any electronic documents,

iii.      The Parties agree, to the extent possible, to limit the costs of electronic discovery and avoid any unnecessary delay, as will be outlined in their anticipated ediscovery protocol,

iv.      The Parties work in good faith to avoid unnecessary disputes relating to electronic discovery, and further should agree on provisions in their ediscovery

to facilitate informal resolution of discovery disputes without minimal intervention from the Court, and

v.      The Parties discuss issues of privilege and the protection of electronic records and should negotiate a stipulated protective order that will address these issues in detail.

**H.      Settlement Discussions.**

**Plaintiff's Position**: Plaintiff is open to discussing a class-wide resolution that provides, where available, specific performance in the form of loan modifications due to the Class Members, monetary damages, and promises by the Defendant that it will cease its gross violations of its statutory and contractual obligations. Though Plaintiff is willing to discuss such terms, at this time it does not appear that Defendant understands or appreciates the seriousness of its wrongdoing or the devastating effect its misconduct has had on the nation's homeowners.

**Defendant's Position:**  Defendant is willing to discuss settlement with the named Plaintiff.  Counsel for Clark has indicated that Clark is not willing to have any such discussions.

## 7. CONSENT

The Parties respectfully do not consent to proceed before a Magistrate Judge for all matters, including trial.

## 8. DISCOVERY LIMITATIONS

A.      The Parties do not propose any modifications to the number of depositions or interrogatories allowed by the Federal Rules.

**B.**     The Parties do not propose any modifications to the length of depositions.

**C.**     The Parties do not propose any modifications to the number of requests for production or requests for admission.

**D.**     The Parties have no other proposed planning or discovery orders at this time.

## 9. CASE PLAN AND SCHEDULING

**A.     Deadline for Joinder of Parties and Amendment of Pleadings.**

The Parties propose a deadline to add additional Defendants four months following the date of the scheduling conference, or if discovery is stayed, four months following the date the Court reaches a decision on Defendant's motion to dismiss. The Parties propose a deadline for otherwise amending the pleadings of 30 days following the date the Court reaches a decision on class certification. **Court:  Parties' proposal is acceptable.**

**B.     Discovery Cut-Off.**

**Plaintiff's Position:** Plaintiff proposes that the Parties proceed with discovery without further delay as to both class and merits issues, and complete all discovery no later than May 8, 2015.

**Defendant's Position:** Green Tree proposes that the Parties complete discovery fourteen (14) months after the Court rules on Green Tree's motion to dismiss**.**

**Court:  Deadline will be February 9, 2015.**

**C.      Dispositive Motion Deadline.**

**Plaintiff's Position:** Plaintiff proposes that dispositive motions be filed no later than May 29, 2015. Responses shall be due no later than June 26, 2015, and replies due no later than July 17, 2015.

**Defendant's Position:**   Green Tree proposes that the Parties file dispositive motions fifteen (15) months after the Court rules on Green Tree's motion to dismiss.

**Court:  Deadline will be March 9, 2015.**

**D.      Expert Witness Disclosure.**

**Plaintiff's Position:**

1.      Anticipated Fields of Expert Testimony: Plaintiff anticipates designating experts relating to (1) the appropriateness of class certification, (2) the damages suffered by aggrieved class members, and (3) other such matters related to class certification or the merits of the case.

2.      Plaintiff does not propose any limits on the use or the number of expert witnesses, other than those limits proposed herein or in the Federal Rules.

3.      Plaintiff proposes the names of any Plaintiff expert witness relating to issues of class certification and the subject matter of any opinion(s) that expert intends to render be disclosed on or before September 12, 2014, and that all information specified in Fed. R. Civ. P. 26(a)(2) be served on or before October 10, 2014. The Parties shall designate all experts not relating solely to class certification issues, as well as provide

opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before March 6, 2015.

4.     Plaintiff proposes that Defendant shall disclose any expert witness relating to issues of class certification on or before November 7, 2014, and serve all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 5, 2014. The Parties shall designate all rebuttal experts not relating solely to class certification issues, as well as provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before April 3, 2015.

**Defendant's Position:**

1.     Anticipated Fields of Expert Testimony: Green Tree anticipates designating experts relating to (1) the appropriateness of class certification, (2) the damages allegedly suffered by aggrieved class members, and (3) other such matters related to class certification or the merits of the case.

2.     Green Tree does not propose any limits on the use or the number of expert witnesses, other than those limits proposed herein or in the Federal Rules.

3.     Green Tree proposes the names of any Plaintiff expert witness relating to issues of class certification and the subject matter of any opinion(s) that expert intends to render be disclosed on or before six months after the Court rules on its motion to dismiss, and that all information specified in Fed. R. Civ. P. 26(a)(2) be served on or seven months after this Court rules on the motion to dismiss.  Green Tree proposes the Parties shall designate all experts not relating solely to class certification issues, as well as provide

opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2), on or before

twelve months after ruling on Green Tree's motion to dismiss.

        4.     Green Tree proposes that it shall disclose the name of any expert

witness relating to issues of class certification and the subject matter of any opinion (s) on

or before eight months after this Court rules on Green Tree's motion to dismiss, and serve

all information specified in Fed. R. Civ. P. 26(a)(2) on or before nine months after this

Court rules on Green Tree's motion to dismiss. Green Tree shall designate all rebuttal

experts not relating solely to class certification issues, as well as provide opposing counsel

with all information specified in Fed. R. Civ. P. 26(a)(2), on or before thirteen months after

ruling on Green Tree's motion to dismiss.

> **Court:  The Court will adopt Plaintiff's framework with an initial deadline of June 1, 2014 for experts relating to class certification; July 1, 2014 for information specified in FRCP 26(a)(2), and December 1, 2014 for experts not relating to class issues. Defendant's respective deadlines shall be August 1, 2014; September 1, 2014; and January 9, 2015.**

**E.    Deadline for Class Certification.**

**Plaintiff's Position:** Plaintiff proposes that the deadline for Plaintiff to move for

class certification be January 5, 2015. Defendant's response shall be due no later

than February 2, 2015, and Plaintiff's reply due no later than February 26, 2015.

**Defendant's Position:** Green Tree proposes that the deadline for Plaintiff to move

for class certification be ten months after this Court rules on Green Tree's motion to

dismiss. Green Tree's response shall be due no later than eleven months after this Court

rules on Green Tree's motion to dismiss, and Plaintiff's reply due no later than three weeks

after Green Tree's response.

**Court:  Initial brief due October 1, 2014; response brief October 31, 2014; reply brief November 14, 2014.**

      **F.**      **Identification of Persons to be Deposed:**

      **Plaintiff's Position:** Plaintiff intends to depose appropriate Rule 30(b)(6) designee(s) of Defendant, as well as any other necessary officers and employees of Defendant, and appropriate third parties identified through discovery.

      **Defendant's Position:** Defendant intends to depose Plaintiff, as well as any other necessary officers and employees of Bank of America and third parties identified through discovery.

      **G.**      **Deadline for Interrogatories.**

      **Plaintiff's Position:** Plaintiff proposes that all written interrogatories be served no later than February 2, 2015.

      **Defendant's Position:** Green Tree proposes that all written interrogatories be served no later than 33 days prior to the close of discovery—which close of discovery should be twelve (12) months after this Court rules on Green Tree's motion to dismiss.

      **Court:  Defendant's position shall govern, *i.e.*, all written discovery submitted 33 days prior to close of discovery.**

      **H.**      Deadline for Requests for Production of Documents and/or Admission:

      **Plaintiff's Position:** Plaintiff proposes that all requests for production or admission be served no later than February 2, 2014.

**Defendant's Position:** Green Tree proposes that all requests for production be served no later than 33 days prior to the close of discovery—which close of discovery should be twelve (12) months after this Court rules on Green Tree's motion to dismiss.

**Court: Defendant's position shall govern, *i.e.*, all written discovery submitted 33 days prior to close of discovery.**

## 10. DATES FOR FURTHER CONFERENCES

A.      Status conferences will be held in this case at the following dates and times:

_____.

B.      A final pretrial conference will be held in this case on May 12, 2015 at 10:00 o'clock a.m. A final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**A.**      At this time, is the Parties are not aware of any additional discovery or scheduling issues upon which they were unable to reach agreement.

**B.**      Plaintiff anticipates that a jury trial will require approximately 14 court days. Defendant is unable to predict the length of trial until this Court has ruled on whether it will certify a class.  In the event, Plaintiff's claims survive a motion to dismiss, Green Tree believes this Plaintiff's claims can be tried in three (3) days.

**C.**      At this time, the Parties are not aware of any pretrial proceedings that may be more efficiently conducted in the District Court's other facilities.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon

the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of

this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file

a copy of a notice of change of his or her address or telephone number with the clerk of the

magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a

copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of

counsel's address or telephone number with the clerk of the magistrate judge assigned to this

case.

## 13.  AMENDMENTS TO SCHEDULING

The scheduling order may be altered or amended only upon a showing of good

cause.

DATED at Denver, Colorado this 13th day of January, 2014.

BY THE COURT:

 S/Michael E. Hegarty
Honorable Michael E. Hegarty
United States Magistrate Judge

APPROVED:

EDELSON PC                                    BALLARD SPAHR LLP

By:  /s/ Megan Lindsey                        By:  /s/ Sarah Block Wallace

Megan Lindsey                                 Sarah Block Wallace
mlindsey@edelson.com                          WallaceS@ballardspahr.com
999 W. 18th Street, Suite 3000                1225 Seventeenth Street, Suite 2300
Denver, Colorado 80202                        Denver, CO 80202-5596
Tel: 303.357.4876                             Tel: 303.299.7334
Fax: 312.589.6378                             Fax: 303.296.3956

Attorney for Plaintiff SHANNON CLARK          Attorney for Defendant GREEN TREE
                                              SERVICING LLC


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 6, 2014, she caused the foregoing

*[Proposed] Civil Scheduling Order* to be electronically filed using the Court's CM/ECF

system, which will send notification of filing to counsel of record for each party.

Dated: January 6, 2014                        By:  /s/ Megan Lindsey

                                              Megan Lindsey
                                              mlindsey@edelson.com
                                              EDELSON PC
                                              999 W. 18th Street, Suite 3000
                                              Denver, Colorado 80202
                                              Tel: 303.357.4876
                                              Fax: 312.589.6378

                                              Attorney for Plaintiff SHANNON CLARK