IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02646-PAB-MEH

SHANNON CLARK, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GREEN TREE SERVICING LLC,

    Defendant.

___

### ORDER ON DEFENDANT'S MOTION TO STAY
___

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant Green Tree's Motion to Stay Discovery [filed December 23, 2013; docket #18]. The matter is fully briefed and has been referred to this Court for disposition [docket #19]. For the reasons that follow, Defendant's motion is **denied**.

### I.  Background

Plaintiff instituted this action on September 27, 2013 alleging essentially that Defendant has engaged in unfair and fraudulent loan servicing practices and has failed to honor its obligations under the federal Home Affordable Modification Program against her and other similarly situated homeowners. *See* Complaint [docket #1]. On November 13, 2013, Defendant responded to the Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that none of the Plaintiff's twelve claims for relief states a claim as a matter of law. Docket #9. On December 23, 2013, Defendant filed the present motion, asserting that "if granted, the pending Motion [to Dismiss] would dispose of the entire case. As the Motion is fully briefed, this Court should not force Green Tree to engage in costly class action discovery pending resolution of the Motion." *See* docket

#18 at 2. Defendant argues that consideration of applicable factors in this matter demonstrates that the circumstances favor a temporary stay of discovery pending resolution of its motion to dismiss.

Plaintiff counters that stays of discovery are typically disfavored in this District and that Defendant has failed to provide case-specific details explaining why a stay is warranted in this case. Plaintiff claims that she will be prejudiced by any further delay in pursuing discovery, as the events upon which her claims are based took place in 2012, witnesses may become unavailable and memories are likely to fade, and she "may be facing the present threat of foreclosure." Response, docket #23 at 5-6. Further, Plaintiff asserts that Defendant has failed to demonstrate a "significant" burden in proceeding with discovery, as required in this District. *Id.* Plaintiff also argues an indefinite stay could "make[ ] the Court's docket less predictable and, hence, less manageable," particularly where "ultimate success [on a motion to dismiss] is not guaranteed." *Id.* at 8-9. Finally, Plaintiff contends that the public interest would be harmed if a stay is granted, as delay "is not only of practical concern, [ ] but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Id.* at 10.

Defendant replies that the short, temporary stay imposed pending resolution of the motion to dismiss would not result in any significant delays or memory lapses. Defendant further repeats its arguments that the motion to dismiss likely will result in the disposal of this case since Plaintiff fails to state claims for relief. Defendant also contends that discovery in this class action will be burdensome in that it may involve thousands of loan borrower files containing personal information that may need be redacted. Finally, Defendant cites cases for the proposition that judicial efficiency is furthered by a stay of discovery pending resolution of a motion to dismiss, and asserts that the interests of other litigants and the public would be best served by "avoiding wasteful efforts."

**II.     Discussion**

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). In fact, staying the entire case while Defendant's Rule 12(b)(6) motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability.

Accordingly, the party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the

party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002). Defendant asserts that its motion to dismiss, arguing that Plaintiff fails to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6), *could* dispose of this entire action. However, as noted by the Plaintiff, Defendant's motion to dismiss does not challenge the Court's jurisdiction and raises several arguments concerning each of the Plaintiff's claims. As such, it appears possible that the motion could be granted, denied, or granted in part and denied in part; consequently, Defendant's position that the motion could dispose of the entire action is speculative, at best.

Moreover, Defendant characterizes any stay in this case as "short" and "temporary." However, such characterization is, again, merely speculative. In this District, due to the requirements and demands of an increasing number of criminal matters, the average time period for civil litigation is approximately 33 months from inception to resolution. Accordingly, a stay of proceedings in a civil case pending resolution of a dispositive motion can last several months or more.

Defendant claims that it will be burdened if required to "engage in costly class action discovery pending resolution of the Motion [to dismiss]." However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, the Defendant provides no evidence of a special burden; while the Court recognizes that class actions can be more expensive to litigate, the Defendant here fails to "show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury" to the company. *See Exum*, 209 F.R.D. at 206.

Generally, it is the policy in this District not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, at *4-5 (D. Colo. Aug. 14,

2006).  This is particularly true where, as in this case, the motion to dismiss may just as well be denied as it is granted.  Furthermore, based upon the significant workload of the Article III judges in this District, it may be many months or more before the pending motion to dismiss is resolved. Consequently, a consideration of the *String Cheese* factors, as well as the general interests of controlling the court's docket and the fair and speedy administration of justice, require that the present motion to stay discovery be denied.

### III.  Conclusion

Accordingly, for the reasons stated above, the Court ORDERS that Defendant Green Tree's Motion to Stay Discovery [filed December 23, 2013; docket #18] is **denied**.

Dated at Denver, Colorado, this 29th day of January, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge