**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Philip A. Brimmer**

Civil Action No.:     13-cv-2646-PAB-MEH

**SHANNON CLARK**, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**GREEN TREE SERVICING LLC**, a Delaware limited liability company,

    Defendant.

---

**JOINT MOTION TO AMEND THE AMENDED SCHEDULING ORDER (ECF No. 42)**

---

Plaintiff Shannon Clark ("Clark"), by and through her counsel, and Defendant Green Tree Servicing LLC ("Green Tree"), by and through its counsel, being in agreement, respectfully move this Court pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 6.1 to amend the Amended Scheduling Order (ECF No. 42) to allow additional time for briefing and ruling on Plaintiff's pending Motion to Compel (ECF No. 43) and for the Parties to meet-and-confer on additional discovery matters and, if necessary, present any outstanding matters to the Court. In support of this Motion, the Parties respectfully state as follows:

***The Court Holds A Scheduling Conference, Plaintiff Serves Her First Set Of Written Discovery, And Green Tree Serves Its Responses***

1.    On September 27, 2013, Plaintiff filed a putative class action complaint alleging Defendant failed to honor Trial Period Plans and Permanent Modification Agreements under the Federal Home Affordable Modification Program ("HAMP"). (ECF No. 1.)

2.	On October 17, 2013, the Parties filed a Stipulation for a 20-day extension of time for Defendant to answer or otherwise respond to Plaintiff's Complaint. (ECF No. 5.)

3.	On November 13, 2013, Defendant filed a Motion to Dismiss asking the Court to dismiss all twelve counts in Plaintiff's Complaint. (ECF No. 9.)

4.	On January 13, 2014, the Parties appeared before the Court for the Scheduling Conference. (ECF No. 21.) During the Scheduling Conference, the Court set a deadline of June 1, 2014 for Plaintiff to disclose experts relating to class certification, July 1, 2014 for Plaintiff to disclose information specified in FRCP 26(a)(2), August 1, 2014 for Defendant to disclose experts relating to class certification, and September 1, 2014 for Defendant to disclose information specified in FRCP 26(a)(2), among other deadlines.

5.	On March 3, 2014, Plaintiff served Defendant with her first set of Interrogatories and Requests to Produce.

6.	On May 9, Defendant produced responsive documents. On May 14, 2014, Defendant produced its responses to Plaintiff's first set of document requests, and on May 16, 2014, Defendant produced its responses to Plaintiff's first set of interrogatories.

***The Parties Meet-and-Confer On Issues That Plaintiff Identified In Green Tree's Discovery Responses***

7.	On May 21, 2014, Plaintiff sent a letter to Defendant explaining that Plaintiff believed there were significant issues with Defendant's discovery responses and requesting a time when the Parties could meet and confer on the various items. In her letter, Plaintiff also explained that given the significant issues with discovery responses she was not in a position to designate a class certification expert by June 1, 2014. Plaintiff informed Defendant that she intended to seek a short 45-day extension to allow time for the Parties to meet-and-confer on

discovery disputes and, if necessary, present matters to the Court. She asked Defendant to confirm whether it would oppose a motion to amend the Scheduling Order.

8. On May 23, 2014, defense counsel responded that Defendant would not oppose a motion to amend the Scheduling Order. As part of this correspondence, the Parties also agreed to meet and confer on the discovery issues on Friday, May 30, 2014.

9. On May 27, 2014, this Court entered an order granting the Parties a 45-day extension of the deadlines set for the in the Scheduling Order. (ECF No. 42.) Among other deadlines, the Court set a deadline of July 15, 2014 for Plaintiff to disclose experts relating to class certification, August 15, 2014 for Plaintiff to disclose information specified in Fed. R. Civ. P. 26(a)(2), September 15, 2014 for Defendant to disclose experts relating to class certification, and October 15, 2014 for Defendant to disclose information specified in Fed. R. Civ. P. 26(a)(2), among other deadlines.

10. On May 30, 2014, counsel for the Parties participated in a discovery meet-and-confer regarding issues that Plaintiff's counsel had identified in their May 21, 2014 letter.

11. On June 2, 2014, defense counsel sent an email indicating that Green Tree intended to produce its responsive policies and procedures and form contracts by June 9, 2014.

12. On June 12, 2014, having not received the documents, Plaintiff's counsel sent an email to Green Tree confirming that she intended to file a motion to compel regarding issues discussed during the discovery meet-and-confer.

13. On June 19, 2014, Plaintiff served her responses to Green Tree's first set of interrogatories and requests to produce.

*Plaintiff Files Her First Motion To Compel*

14. On June 27, 2014, Plaintiff filed her fifteen-page motion to compel.

15. On June 30, 2014, Plaintiff's counsel sent an email to defense counsel describing additional discovery issues and requesting a time when the Parties could meet and confer on both discovery issues and Plaintiff's Rule 30(b)(6) deposition notice. The Parties are currently scheduled to meet-and-confer on July 10, 2014.

16. Good causes exists to amend the scheduling order. Plaintiff diligently sought the information that will be needed to designate class certification experts well prior to the designation deadline. However, Defendant had not produced any of the documents and responses that she believes are necessary for her to designate class certification experts. Specifically, Plaintiff believes that Green Tree's form contracts and policies and procedures may show that Green Tree was using common practices with regarding to reviewing and honoring HAMP trial plans and permanent modification agreements, which is pertinent to commonality, typicality, and Clark's adequacy to serve as a class representative. Likewise, Plaintiff believes the documents that she seeks via sampling may be used by an expert to assess the damages suffered by each borrower within the Sample, which can then be used to craft an equation models class damages.

17. After completing meet-and-confer obligations, Plaintiff filed a Motion to Compel asking for the Court's assistance with obtaining the documents and other information from Green Tree, and Green Tree's deadline to respond is July 21, 2014. Plaintiff therefore requires an extension of her deadline to designate class certification experts and disclose the information required by Federal Rule of Procedure 26(a)(2) because her current deadline to designate class

certification experts is July 15, 2014—six days before Green Tree's deadline to oppose Plaintiff's motion to compel.

18.     The Parties previously stipulated to a 20-day extension of time for Defendant to answer or otherwise respond to the Complaint. On May 27, 2014, the Parties also sought, and the Court granted, a 45-day extension of the dates in the Scheduling Order. (ECF No. 42.)

WHEREFORE, the Parties therefore respectfully request that the Court grant a 75-day extension as follows to allow time for the Parties to brief and the Court to rule on Plaintiff's Motion to Compel and for the Parties to meet and confer on additional discovery issues and, if necessary, present any matters that remain outstanding to the Court:

|  | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Plaintiff's deadline to disclose experts relating to class certification | July 15, 2014 | Sept. 29, 2014 |
| Plaintiff's deadline to disclose information specified in FRCP 26(a)(2) | Aug. 15, 2014 | Oct. 29, 2014 |
| Defendant's deadline to disclose experts relating to class certification | Sept. 15, 2014 | Nov. 28, 2014 |
| Defendant's deadline to disclose information specified in FRCP 26(a)(2) | Oct. 15, 2014 | Dec. 29, 2014 |
| Plaintiff's deadline to move for class certification | Nov. 14, 2014 | Jan. 28, 2015 |
| Defendant's deadline in response to motion for class certification | Dec. 15, 2014 | Feb. 27, 2015 |
| Plaintiff's reply to motion for class certification | Dec. 31, 2014 | Mar. 16, 2015 |
| Plaintiff's deadline to disclose experts not relating to class certification | Jan. 15, 2015 | Mar. 31, 2015 |
| Defendant's deadline to disclose experts not relating to | Feb. 27, 2015 | May 13, 2015 |

| | | |
|---|---|---|
| class certification | | |
| Discovery cut-off | Mar. 27, 2015 | June 10, 2015 |
| Dispositive motion deadline | Apr. 27, 2015 | July 10, 2015 |
| Final pretrial conferences | June 30, 2015 | Sept. 14, 2015 |

                              Respectfully Submitted,

Dated: July 9, 2014          By:    /s/ Megan Lindsey
                                         Megan Lindsey
                                           Edelson PC
                                           999 W. 18th Street, Suite 300
                                           Denver, Colorado 80202

                                           On behalf of Plaintiff Shannon Clark

Dated: July 9, 2014          By:    /s/ Sarah Wallace
                                           Sarah Wallace
                                           Ballard Spahr LLP
                                           1225 17th Street, Suite 2300
                                           Denver, Colorado 80202

                                           On behalf of Defendant Green Tree Servicing LLC

## **CERTIFICATE OF SERVICE**

I, Megan Lindsey, an attorney, hereby certify that on July 9, 2014, I served the above and foregoing ***Joint Motion to Amend the Amended Scheduling Order (ECF NO. 42)*** by causing a true and accurate copy of such paper to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF NO. electronic filing system. I further certify that, in accordance with Local Rule 6.1, I caused this motion to be served on Plaintiff Shannon Clark via email and U.S. mail on July 9, 2014.

    /s/ Megan Lindsey